CMARION F. EDWARDS, Judge.
Defendant/Appellant, South Louisiana Sugars Cooperative, Inc., appeals the trial court’s judgment which found in favor of the plaintiff, Keith Bradford, D/B/A Bradford Line, in this suit on a contract. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff/Appellee, Keith Bradford, D/B/A Bradford Line (“Bradford”) entered into a contract with South Louisiana Sugars Cooperative, Inc., (“SLSC”) on September 17, 2002. The contract provided that Bradford would haul sugar cane in 2002 for SLSC at a rate of $5,915 cents per ton to a loading point specified by SLSC.[1] During the course of the sugar cane grinding season, Bradford was directed by SLSC to begin hauling sugar cane to the Cora Texas Sugar Mill iri White Castle, Louisiana. Subsequently, Bradford discovered that he was being paid at a lower rate than what was specified in the contract, and requested that SLSC pay him the difference at the end of the sugar cane grinding season. |sBradford continued to haul for SLSC at the reduced rate for the reminder of the 2002 season. When settlement negotiations between the parties were unsuccessful, Bradford filed *534 suit against SLSC in the Twenty-Third Judicial District Court for the Parish of St. James.
After a bench trial on January 12, 2004, the trial court ruled in favor of Bradford, awarding him $4,681.02 along with judicial interest. After SLSC’s Motion For New Trial was denied, SLSC timely filed the present appeal.
LAW AND ANALYSIS
On appeal, SLSC raises three assignments of error: 1) that the trial court erred in placing the burden of proof on SLSC at trial; 2) the trial court erred in failing to consider the evidence establishing that a separate, oral agreement had been established between SLSC and Bradford Lines, and; 3) the trial court erred in failing to find that the written contract had been modified by oral agreement.
As this appeal turns on factual determinations by the trial judge, we must review the record using the manifest error-clearly wrong standard of appellate review. That standard was recently reviewed by the Louisiana Supreme Court in Cenac v. Public Access Water Rights Assn.:[2]
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard which precludes the setting aside of a trial court’s finding of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). A reviewing court may not merely decide if it would have found the facts of the case differently, the reviewing court should affirm the trial court where the trial court judgment is not clearly wrong or manifestly erroneous. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221.
The written contract between Bradford and SLSC was entered into evidence, and it was stipulated between the parties that, in the event that the trial court ruled | ¿in Bradford’s favor, the amount of compensation due Bradford would be $4,681.02. At trial, however, SLSC asserted that the written contract between the parties was superseded or replaced during a conversation that took place on October 31, 2002 between Leonard Waguespack and Keith Bradford.
Leonard Waguespack, an Assistant general manager with SLSC, testified that on October 31, 2002, he saw Keith Bradford at a Texaco truck station. Waguespack described his encounter with Bradford on that date:
He [Bradford] was fueling up and I saw him there and stopped to talk to Bradford. And I told Keith, I said, we made the arrangements with Cora, Texas; you will be shipping cane to Cora, Texas for Mike Wood and the rate’s going to be $5.00 a ton.
On cross examination, Waguespack further stated:
COUNSEL:
... you testified that you informed Mr. Bradford that y’all would pay $5.00 a ton to haul to .Cora, Texas; is that right?
WAGUESPACK:
That is correct.
[[Image here]]
COUNSEL:
Did you tell him [Bradford] that he had to agree to that?
WAGUESPACK:
I didn’t tell him [Bradford] he had to agree to that.
*535 COUNSEL:
So you didn’t have an agreement with him [Bradford] that he was going to haul for $5.00, you just told him you were going to offer $5.00, is that correct?
[[Image here]]
WAGUESPACK:
I didn’t ask him [Bradford] if he agreed to it, no.
At trial, Bradford testified. that he had never dealt with Waguespack regarding his contract and further testified that he did not remember talking to or ^seeing Waguespack at a gas station. Bradford also stated that he was not aware that the rate for hauling the sugar cane had been changed to $5.00 a ton from the written contract rate of $5,915 cents per ton.
Ronald Blanchard, former general manager of SLSC, also testified at trial. Blanchard stated that he was Bradford’s sole contact at SLSC regarding the contract at issue. Blanchard said that Bradford complied with all the terms of his contract with SLSC. Blanchard said that he called Bradford to inform him that SLSC was changing his contract in regard to the delivery point, however the written contract was never changed. After Bradford’s delivery point had been changed, Bradford called Blanchard to inquire why he was being paid less than the contract called for. After the hauling season had ended, Blanchard and Bradford met for the purpose of discussing Bradford’s claim that he was owed additional money under the contract. At that time Blanchard offered Bradford half of what he claimed he was owed in order to avoid litigation. Blanchard said that the only knowledge he had that Bradford had accepted a new rate was based on what Leonard Waguespack had told him.
The trial court stated in its Reasons for Judgment:
After, considering the testimony of witnesses, the evidence submitted, and the stipulations of counsel, the Court finds that the defendant has failed to establish that the parties’ written contract was amended by a subsequent oral agreement. Although the Court finds that the testimony of Mr. Leonard Wag-uespack III established that Mr. Wag-uespack spoke to Mr. Keith Bradford, there was no evidence presented establishing that Mr. Bradford heard, understood, or acknowledged the conversation with Mr. Waguespack. Mr. Ronald Blanchard’s testimony was compelling. The testimony established that Mr. Bradford contacted Mr. Blanchard regarding collecting his pay, Mr. Blanchard subsequently consulted with Mr. Waguespack, and Mr. Blanchard then offered a compromise amount of half the payment owed. This was all done prior to the institution of litigation. The Court finds that this evidence indicates that there was no oral agreement between the parties. Therefore, the Court finds that the written contract is binding in the amount stipulated by the parties.
In its first assignment of error, SLSC asserts that the trial court placed the burden of proof upon it instead of the plaintiff.
|fiLa. C.C. Art. 1831 states:
A party who demands performance of an obligation must prove the existence of the obligation.
A party who asserts that an obligation is null, or that it has been modified or extinguished, must prove the facts or acts giving rise to the nullity, modification, or extinction. [Emphasis added.]
The parties in this case stipulated to the existence of a valid and binding contract, and to an amount of damages under that contract if a breach was found by the trial court. SLSC argues, however, that when *536 Bradford began to haul sugar cane to the Cora-Texas plant, he did so pursuant to a separate oral contract. SLSC concludes that since it-did not seek to show a modification to its written agreement, the trial court should not have required it to fulfill a burden of proof pursuant to La. C.C. Art. 1881.
Assuming arguendo, that SLSC had indeed not sought to show a modification to their previous written contract with Bradford, but instead, were seeking to establish the existence of a separate oral contract, as SLSC argues in its second assignment of error, then the trial court would have had to consider LSA-C.C. Art. 1846, which states:
When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances. [Emphasis added.]
Under LSA-C.C. Art. 1846, the court still would have had to make a factual determination of whether an oral contract existed based upon the evidence presented at trial.
In this case, the only evidence1 at trial that tended to establish an oral contract between the parties was the testimony of Leonard Waguespack, who said that he advised Bradford that he would be hauling sugar cane to a new location at a [7new rate, but admitted. that he never asked Bradford if he agreed to the new terms. For his part, Bradford testified that he had never dealt with Waguespack regarding his contract and had not been made aware that the rate for hauling the sugar cane had been changed to $5.00 a ton. Bradford’s latter assertion was further shown through the testimony of Ronald Blanchard, who indicated that Bradford contacted him after his route had been changed to inquire why he was being paid less than called from in the written contract.
Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.[3] Accordingly, after a review of the record, we can not say that the trial court’s finding, that no oral contract existed between the parties, is manifestly erroneous.
In its third assignment of error, SLSC asserts that, in the alternative, the trial court erred in failing to find that the written contract had been modified by an oral agreement. Specifically, SLSC argues that Bradford tacitly accepted and ratified an oral agreement pursuant to LSA-C.C. Art. 1842, which provides that “Tacit confirmation may result from voluntary -performance of the obligation.” SLSC claims that when Bradford began to haul the sugar cane to the new site, and endorsed checks tendered by SLSC for the work done, Bradford tacitly confirmed the oral arrangement. SLSC also claims that in spite of his claims that he never had a conversation with Waguespack, Bradford offered no evidence at trial as to how he received notice of his new route or new pay.
Ronald Blanchard’s testimony at trial, however, established that he personally called Bradford to inform him that the contract would be changed in light of the diversion of. the sugar cane to another site *537 than the one specified in the contract. Blanchard’s testimony also established that Bradford was unaware of the |Rreason that he was being paid at less of a rate than was specified in the written contract. Bradford testified that he personally spoke to Blanchard regarding the change in his route and had been assured that everything else in the contract would remain unchanged. Bradford further testified that after he received his first check after hauling to the Cora Texas plant, he contacted Blanchard to inquire about the discrepancy in his paycheck, however, the two did not discuss the matter again until after grinding season.
As previously discussed, pursuant to the La. C.C. Art. 1831, a party who asserts that an obligation is null, or that it has been modified or extinguished, must prove the facts or acts giving rise to the nullity, modification, or extinction. After a review of the record, we can not say that the trial court’s conclusion, that there was no oral agreement between the parties modifying the written contract, is manifestly erroneous. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. At trial, it was revealed that the contract contained a typographical error, in that it directed Bradford to haul to SLSC's location in Ascension Parish.

. 02-2660, pp. 9-10 (La.6/27/03), 851 So.2d 1006, 1023.

. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993).